## MARY POWELL *v.* THE STATE.

1. CHARGE OF THE COURT.— FORNICATION may be committed by an unmarried man and an unmarried woman living together and having carnal intercourse with each other, or it may be committed by such persons having habitual carnal intercourse with each other, without living together; but when only one of these modes is charged, it is radical error to instruct for conviction if the other mode has been proved.

2. INSTRUCTIONS are erroneous which warrant the jury to convict on proof of acts not alleged in the indictment or information. The fact that there is evidence tending to prove such extraneous acts aggravates the error of such instructions.

APPEAL from the County Court of Robertson. Tried below before the Hon. JOHN E. CRAWFORD, County Judge.

A fine of $50 was the penalty assessed against the appellant.

No brief for the appellant.

*C. Edmundson*, for the State.

Hurt, J.    The appellant was convicted of fornication.

The indictment charges that appellant did *live together* with and carnally know one Jim Pannell, etc.    The court below charged the jury, as follows: " The law under which defendant is charged does not mean that the parties shall actually reside together, that is, board, lodge and have their washing together, in common, to make their acts of illicit intercourse with each other that of fornication, but their habitual acts of illicit intercourse with each other, both of them being unmarried persons, is the crime the law intends should be punished.    If you believe from the evidence that the acts and conduct of defendant Mary Powell with Jim Pannell were such as to induce you to believe beyond a reasonable doubt that she did cohabit and frequently have carnal intercourse with the said Jim Pannell, and at the time both defendant and Jim Pannell were unmarried persons, you should find the defendant guilty *as charged* and assess a fine against her of any sum not less than fifty dollars, nor more · than five hundred dollars."

The defendant was not charged in the bill with *habitual carnal* intercourse with Pannell.    Therefore a conviction for these acts would be without a supporting charge, and consequently without indictment.    A charge instructing the jury to convict for acts not contained in the indictment or information is evidently and radically erroneous, especially where there is evidence tending to prove the acts not charged in the bill.    In this case there was such evidence.

For the error in the charge as indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*